1  Julie A. Ostil, Esq. (SBN 215202)
   Law Office of Julie A. Ostil
2  1989 Santa Rita Rd., #A-405
   Pleasanton, CA 94566
3  Tel: 925.265.8257
   Fax: 925.999.9465
4  jostil@ostillaw.com

5  Attorneys for Plaintiff:
   SUSAN JOHNSON

6
                    UNITED STATES DISTRICT COURT
7                   EASTERN DISTRICT OF CALIFORNIA

8

9  SUSAN JOHNSON,                    )  Case No.: 2:08-cv-2582 FCD-DAD
                                     )  Civil Rights
10            Plaintiff,             )
                                     )  **COMPLAINT FOR PRELIMINARY AND**
11       vs.                         )  **PERMANENT INJUNCTIVE RELIEF**
                                     )  **AND DAMAGES: DENIAL OF CIVIL**
12                                   )  **RIGHTS AND ACCESS TO PUBLIC**
   24 HOUR FITNESS, USA, INC.; PK SALE, )  **FACILITIES TO PHYSICALLY**
13 LLC; CASTLEROCK II, LP; and Does 1-10, )  **DISABLED PERSONS; CALIFORNIA**
   Inclusive,                        )  **STATUTES INCLUDING CAL. CIVIL**
14                                   )  **CODE §51, 52, 54, 4.1, 54.3 AND 55; CAL.**
              Defendants            )  **HEALTH & SAFETY CODE §19955 et**
15                                   )  **seq.; INJUNCTIVE RELIEF PER TITLE**
                                     )  **III OF THE AMERICANS WITH**
16                                   )  **DISABILITIES ACT OF 1990, 42 U.S.C.**
                                     )  **12101 et seq.**
17                                   )
                                     )  **DEMAND FOR JURY TRIAL**
18                                   )
                                     )
19 _____ )

20        Plaintiff SUSAN JOHNSON complains of defendants 24 HOUR FITNESS, USA, INC.;

21 PK SALE, LLC; CASTLEROCK II, LP; and Does 1-10, Inclusive, and each of them, and alleges

22 as follows:

23        1.      **INTRODUCTION**:   This case involves the denial of accessible fitness and

24 health club facilities, including denial of accessible parking, entrance, paths of travel, guest

25 service counter, sales counters, merchandise store, food and drink concession, fitness equipment,

26 restrooms, locker rooms, pool, sauna, steam room, and drinking fountains to plaintiff SUSAN

27 JOHNSON and other disabled persons, at the 24 Hour Fitness located at 8785 Center Parkway,

28 Sacramento, California.  Plaintiff SUSAN JOHNSON is a "person with a disability" or

LAW OFFICE OF
JULIE A. OSTIL
1989 Santa Rita Rd. #A-405
Pleasanton, CA 94566
925.265.8257
www.ostillaw.com

**First Amended Complaint for Injunctive Relief and Damages: Case No. 2:08-cv-2582 FCD-DAD**                    1

C:\Users\OWNER\Documents\work\ostil law office\cases\#\24-Hour Fitness\pleadings\24 Hour Fitness First Amended Complaint.doc

1  "physically handicapped person."  Plaintiff requires a use of a motorized wheelchair for mobility

2  and is unable to use portions of public facilities which are not accessible to disabled persons who

3  require the use of a wheelchair.  Beginning on or about October 1, 2007, and continuing to the

4  present, plaintiff was and has been denied her rights to full and equal access at the above-

5  described facilities, and was denied her civil rights under both California and federal law, as

6  hereinbelow described, because these facilities were not, and are not now, properly accessible to

7  physically disabled persons who use wheelchairs.  Plaintiff seeks injunctive relief to require

8  defendants to make these facilities accessible to disabled persons. Plaintiff also seeks recovery of

9  damages for her discriminatory experiences and denial of civil rights, which denial is continuing

10  as a result of defendants' failure and refusal to provide accessible facilities.  Plaintiff also seeks

11  recovery of reasonable attorney fees, litigation expenses, and costs.

12      2.      **JURISDICTION**:  This Court has jurisdiction of this action pursuant to 28

13  U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101 *et*

14  *seq.* (hereinafter "the ADA").  Pursuant to supplemental jurisdiction, attendant and related causes

15  of action arising from the same facts are also brought under California law, including but not

16  limited to violations of Health & Safety Code §19955 *et seq.*, California Civil Code §§51, 52, 54,

17  54.1, 54.3, and 55, and California's Code of Regulations Title 24-2.

18      3.      **VENUE**:  Venue is proper in this court pursuant to 28 U.S.C. 1391(b) and is

19  founded on the fact that the real property which is the subject of this action is located in this

20  district and that plaintiff's causes of action arose in this district.

21      4.      **INTRADISTRICT**:  This case should be assigned to the Sacramento intradistrict

22  as the real property which is the subject of this action is located in this intradistrict and plaintiff's

23  causes of action arose in this intradistrict.

24      5.      **PARTIES**: Plaintiff Susan Johnson is a qualified physically disabled person who

25  requires use of a wheelchair for mobility.  Defendants 24 Hour Fitness, USA, Inc., PK Sale,

26  LLC, Castlerock II, LP, and Does 1-10, Inclusive, are and/or were at all times relevant to this

27  complaint, the owners, operators, lessors, and lessees of the business property, building and/or

28  portions thereof located at 8785 Center Parkway, Sacramento, California.  This facility, the 24

LAW OFFICE OF
JULIE A. OSTIL
1989 Santa Rita Rd. #A405
Pleasanton, CA 94566
925.265.8257
www.ostillaw.com

**First Amended Complaint for Injunctive Relief and Damages: Case No. 2:08-cv-2582 FCD-DAD**                    2

C:\Users\OWNER\Documents\work\ostil law office\cases\#\24-Hour Fitness\pleadings\24 Hour Fitness First Amended Complaint.doc

1  Hour Fitness health club (hereinafter also "Health Club") is a "public accommodation" and

2  "business establishment" subject to the requirements of the ADA and of California Civil Code

3  §§51 and 54, *et seq*., and of California Health and Safety Code §19955 *et seq*.  The true names

4  and capacities of Defendants Does 1 through 10, Inclusive, are unknown to plaintiff who

5  therefore sues said defendants by such fictitious names.  Plaintiff is informed and believes that

6  each of the defendants herein designated as a Doe is legally responsible in some manner for the

7  events and happenings herein referred to and caused injury and damages thereby to plaintiff;

8  plaintiff prays leave of Court to amend this Complaint to show such true names and capacities

9  when the same have been ascertained.  Plaintiff is informed and believes that each of the

10  defendants herein is the agent, employee, or representative of each of the other defendants, and

11  performed all acts and omissions stated herein within the scope of such agency or employment or

12  representative capacity and is responsible in some manner for the acts and omissions of the other

13  defendants in proximately causing the damages complained of herein.

14

15      **FIRST CAUSE OF ACTION: VIOLATION OF THE DISABLED PERSONS ACT,**
        **CALIFORNIA CIVIL CODE §§54 and 54.1 et seq.,  AND CALIFORNIA HEALTH &**
16                    **SAFETY CODE §19955 et seq.**

17          6.      Plaintiff repleads and incorporates by reference, as if fully set forth herein, the

18  factual allegations contained in paragraphs 1 through 5, above.

19          7.      Plaintiff Susan Johnson and other similarly situated physically disabled persons

20  are unable to use public facilities on a "full and equal" basis unless each such facility is in

21  compliance with the provisions of California Health & Safety Code §19955 *et seq*.  Plaintiff is a

22  member of that portion of the public whose rights are protected by the provisions of Health &

23  Safety Code §19955 *et seq*. Defendants' acts and omissions as herein alleged are in violation of

24  Health & Safety Code §19955 *et seq*. and California Civil Code §§54 and 54.1 *et seq*.

25          8.      Health & Safety Code 19955 *et seq*. was enacted "to ensure that public

26  accommodations or facilities constructed in this state with private funds adhere to the provisions

27  of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code."

28  The Government Code sections referred to were enacted in 1968 and required provision of

LAW OFFICE OF
JULIE A. OSTIL
1989 Santa Rita Rd. #A405
Pleasanton, CA 94566
925.265.8257
www.ostillaw.com

1   disabled access in government buildings upon new construction or alteration. Thus, the 1970

2   enactment of California Health & Safety Code 19955 *et seq*. applied the Government Code

3   standards, and the requirement for disabled access, to privately owned public accommodations.

4   The standards of Health & Safety Code §19955 *et seq*. apply to the Health Club.  Between July

5   1, 1970 and July 1, 1982, the regulations which defined disabled access were found in the A.S.A.

6   standards (also known as "ANSI"), incorporated by reference into Cal. Government Code §4450

7   *et seq*.   On information and belief, the Health Club facilities have, since July 1, 1970, undergone

8   construction and/or alterations, structural repairs, or additions, subjecting the facilities to

9   disabled access requirements pursuant to Health & Safety Code §19955 et seq.

10   9.   California Code of Regulations, Title 24-2 (formerly known as the California

11   Administrative Code) was adopted effective July 1, 1982, superseding the "ANSI" regulations

12   and requiring compliance with the Title 24-2 access regulations whenever any "alteration,

13   structural repair or addition" was carried out subsequent to the effective date.   On information

14   and belief, the Health Club facilities have, since July 1, 1982, undergone construction and/or

15   alterations, structural repairs, or additions, subjecting the facilities to disabled access

16   requirements pursuant to California Code of Regulations Title 24-2.

17   10.   FACTUAL STATEMENT: Susan Johnson is a physically disabled person as a

18   result of multiple sclerosis who, on her doctor's recommendation, engages in fitness activities

19   such as swimming and using adaptive exercise equipment in order to maintain her mobility and

20   health.  Susan Johnson joined the subject 24 Hour Fitness in October of 2007 in order to continue

21   with her exercise routine, specifically including the indoor pool available at the Health Club.

22   Ms. Johnson is unable, due to her physical disability, to change in and out of bathing suits or

23   other clothing without assistance from her husband, who is her primary attendant.  Upon joining,

24   Ms. Johnson asked for an area of the club where her husband could help her change into her

25   bathing suit, and then change out of her wet bathing suit when she was done swimming.

26   Defendants, in violation of applicable law, refused to accommodate Ms. Johnson and stated that

27   the club was "in compliance with the ADA" and that therefore they did not have to do anything

28   more to accommodate Ms. Johnson.  Despite this claim of ADA compliance, Ms. Johnson faced

LAW OFFICE OF
JULIE A. OSTIL
1989 Santa Rita Rd. #A405
Pleasanton, CA 94566
925.265.8257
www.ostillaw.com

**First Amended Complaint for Injunctive Relief and Damages: Case No. 2:08-cv-2582 FCD-DAD**                4

C:\Users\OWNER\Documents\work\ostil law office\cases\#\24-Hour Fitness\pleadings\24 Hour Fitness First Amended Complaint.doc

1  many additional barriers at the Health Club, including lack of properly configured accessible

2  parking, improper entrance due to heavy doors, inaccessible paths of travel with slopes far in

3  excess of the maximum allowable slope, inaccessible guest service counter, sales counters,

4  merchandise store, and food and drink concession, lack of adaptive fitness equipment, lack of

5  accessible restrooms, accessible locker rooms, proper pool lift and other accessible features, lack

6  of an accessible sauna and steam room, and lack of accessible drinking fountains.  This is despite

7  the fact that defendants have recently (within the last five years) completed a multi-million dollar

8  remodel which gutted and rebuilt the entire club, and triggered the requirement to provide fully

9  compliant facilities.

10       11.       Ms. Johnson used the club on a regular basis (approximately once per week) in

11  order to maintain her health and mobility, despite the discriminatory treatment and lack of

12  physical access.  Defendants' intentionally discriminatory refusal to accommodate Ms. Johnson's

13  need for a unisex changing area caused her physical discomfort, pain, and injury, as she was

14  forced to stay in cold, wet swim clothing until she got home on each occasion that she swam at

15  the club.  Finally, she was deterred from going to the club at all because she knew that it was

16  deleterious to her health to be in a cold, wet bathing suit for an extended period of time.  This

17  discrimination also caused Ms. Johnson humiliation, frustration, embarrassment, and emotional

18  distress, all to her damages.  Additionally, the numerous physical barriers she faced each caused

19  Ms. Johnson physical and emotional distress, pain, and injury.  Ms. Johnson complained to club

20  management but defendants refused to reconsider her request for an accommodation, forcing Ms.

21  Johnson to take legal action in order to protect her rights.  Ms. Johnson continues to be a member

22  of the Health Club and intends to continue using the facilities when they are made fully

23  accessible to persons with disabilities.

24       12.       Based on a preliminary investigation by plaintiff's representatives after the

25  incident described above, the physical premises at the Health Club were constructed and

26  maintained in a condition which is inaccessible for use by physically disabled persons.  This

27  public facility is illegally inaccessible in multiple respects, including but not limited to the

28  following:  parking, entrance, paths of travel, guest service counter, sales counters, merchandise

LAW OFFICE OF
JULIE A. OSTIL
1989 Santa Rita Rd. #A405
Pleasanton, CA 94566
925.265.8257
www.ostillaw.com

**First Amended Complaint for Injunctive Relief and Damages: Case No. 2:08-cv-2582 FCD-DAD**                    5

1  store, food and drink concession, fitness equipment, restrooms, locker rooms, pool, sauna, steam

2  room, and drinking fountains.  All facilities must be brought into compliance with all applicable

3  federal and state access requirements.

4       13.    **VIOLATION OF ADA INCORPORATION PROVISION OF CAL. CIVIL**

5  **CODE §54(C):**  Further, each and every violation of the Americans with Disabilities Act of

6  1990 (as pled in the Third Cause of Action hereinbelow, the contents of which are repled and

7  incorporated herein, word for word, as if separately repled), also constitutes a separate and

8  distinct violation of California Civil Code §54(c), thus independently justifying an award of

9  damages and injunctive relief pursuant to California law, including but not limited to Civil Code

10  §§54.3 and 55.

11       14.    **VIOLATION OF ADA INCORPORATION PROVISION OF CAL. CIVIL**

12  **CODE §54.1(D):**  Further, each and every violation of the Americans with Disabilities Act of

13  1990 (as pled in the Third Cause of Action hereinbelow, the contents of which are repled and

14  incorporated herein, word for word, as if separately repled), also constitutes a separate and

15  distinct violation of California Civil Code §54.1(d), thus independently justifying an award of

16  damages and injunctive relief pursuant to California law, including but not limited to Civil Code

17  §§54.3 and 55.

18       15.    **INJUNCTIVE RELIEF**: Plaintiff seeks injunctive relief to prohibit the acts and

19  omissions of defendants as complained of herein which are continuing on a day-to-day basis and

20  which have the effect of wrongfully excluding plaintiff and other members of the public who are

21  physically disabled wheelchair users from full and equal access to these public facilities.  Such

22  acts and omissions are the cause of humiliation and mental and emotional suffering of plaintiff in

23  that these actions continue to treat plaintiff as inferior and a second-class citizen and serve to

24  discriminate against her on the sole basis that she is a person with a disability.  Plaintiff is

25  unable, so long as such acts and omissions of defendants continue, to achieve equal access to and

26  use of these public buildings and facilities, and is deterred from returning to these facilities until

27  they are made properly accessible to disabled persons.  Plaintiff alleges that she intends to return

28  and make use of the Health Club once legally required access has been provided.  The acts and

LAW OFFICE OF
JULIE A. OSTIL
1989 Santa Rita Rd. #A405
Pleasanton, CA 94566
925.265.8257
www.ostillaw.com

**First Amended Complaint for Injunctive Relief and Damages: Case No. 2:08-cv-2582 FCD-DAD**    6

1   omissions of defendants have proximately caused and will continue to cause plaintiff irreparable

2   injury for which she has no adequate remedy at law, if not enjoined by this court.

3          16.     Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any

4   continuing refusal by defendants to grant full and equal access to plaintiffs in the respects

5   complained of and to require defendants to comply forthwith with the applicable statutory

6   requirements relating to access for disabled persons.  Such injunctive relief is provided by

7   California Health & Safety Code §19953, California Civil Code §§54.3 and 55, California Code

8   of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

9          17.     **DAMAGES**:  As a result of the denial of equal access to the facility and due to

10  the acts and omissions of defendants and each of them in owning, operating, leasing

11  constructing, altering, and maintaining the subject facility, plaintiff suffered violations of her

12  civil rights, including but not limited to rights under Civil Code §§54 and 54.1, all to her

13  damages per Civil Code §54.3, including damages for physical, mental and emotional injuries,

14  statutory damages, and statutory treble damages, as hereinafter stated.  Defendants' actions and

15  omissions to act constitute discrimination against plaintiff on the sole basis that she was and is

16  physically disabled and unable, because of the architectural barriers created and/or maintained by

17  defendants in violation of the subject laws, to use the public facilities on a full and equal basis.

18         18.     **FEES AND COSTS**:  As a result of defendants' acts, omissions, and conduct,

19  plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by

20  statute, in order to enforce plaintiff's rights and to enforce provisions of the law protecting access

21  for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

22  seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the

23  provisions of Civil Code §§54.3 and 55. Additionally, plaintiff's lawsuit is intended to require

24  that defendants make their facilities accessible to all disabled members of the public, justifying

25  "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of

26  California Code of Civil Procedure §1021.5 and other applicable law.

27         19.     Wherefore plaintiff prays for relief as hereinafter stated.

28

LAW OFFICE OF
JULIE A. OSTIL
1989 Santa Rita Rd. #A405
Pleasanton, CA 94566
925.265.8257
www.ostillaw.com

**First Amended Complaint for Injunctive Relief and Damages: Case No. 2:08-cv-2582 FCD-DAD**          7

C:\Users\OWNER\Documents\work\ostil law office\cases\#\24-Hour Fitness\pleadings\24 Hour Fitness First Amended Complaint.doc

**SECOND CAUSE OF ACTION: VIOLATION OF UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE §§51 AND 52, ON THE BASIS OF DISABILITY**

20.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 19 above.

21.     At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code §51 *et seq*., provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of any kind whatsoever.  (Cal. Civ. Code §51(b))

22.     The Unruh Act further provides that:

> A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section. (Cal. Civ. Code §51(f))

23.     Plaintiff suffered damages as above described as a result of defendants' violation of California Civil Code §51 et seq. in multiple regards, including but not limited to violations of the ADA, as described in the Third Cause of Action hereinbelow, the contents of which cause of action is incorporated herein as if separately repled.  California Civil Code §52(a) provides that each such violation entitles plaintiff to damages, up to a maximum of three times the amount of actual damages suffered but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court.

24.     Wherefore, plaintiff prays for relief as hereinafter stated.

**THIRD CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101 et seq.)**

25.     Plaintiff repleads and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 24 of this Complaint.

26.     Pursuant to 42 U.S.C. 12101, in 1990 the United States Congress made findings regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities," that "historically

LAW OFFICE OF
JULIE A. OSTIL
1989 Santa Rita Rd. #A405
Pleasanton, CA 94566
925.265.8257
www.ostillaw.com

**First Amended Complaint for Injunctive Relief and Damages: Case No. 2:08-cv-2582 FCD-DAD**                    8

C:\Users\OWNER\Documents\work\ostil law office\cases\#\24-Hour Fitness\pleadings\24 Hour Fitness First Amended Complaint.doc

1  society has tended to isolate and segregate individuals with disabilities," that "such forms of

2  discrimination against individuals with disabilities continue to be a serious and pervasive social

3  problem," that "the Nation's proper goals regarding individuals with disabilities are to assure

4  equality of opportunity, full participation, independent living and economic self sufficiency," and

5  that "the continuing existence of unfair and unnecessary discrimination and prejudice denies

6  people with disabilities the opportunity to compete on an equal basis and to pursue those

7  opportunities for which our free society is justifiably famous..."

8        27.     As part of the Americans with Disabilities Act, Congress passed "Title III - Public

9  Accommodations and Services Operated by Private Entities" (42 U.S.C. 12181 *et seq*.). Among

10  the establishments which are considered "public accommodations" for purposes of this tile are "a

11  gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation." (42

12  U.S.C. 12181(7)(L)).  Plaintiff alleges that the Health Club is such a public accommodation.

13        28.     Among the specific prohibitions against discrimination are included "a failure to

14  make reasonable modifications in policies, practices or procedures" when necessary to

15  accommodate persons with disabilities (42 U.S.C. 12182(b)(2)(A)(ii)), "a failure to...ensure that

16  no individual with a disability is excluded, denied service, segregated, or otherwise treated

17  differently than other individuals" because of the absence of auxiliary aids and services (42

18  U.S.C. 12182(b)(2)(A)(iii)), "failure to remove architectural barriers...that are structural in nature

19  in existing facilities...where such removal is readily achievable" (42 U.S.C. 12182(b)(2)(A)(iv)),

20  and where removal of architectural barriers in existing facilities is not readily achievable, "a

21  failure to make [the entity's] goods, services, facilities, privileges, advantages, or

22  accommodations available through alternative methods if such methods are readily achievable"

23  (42 U.S.C. 12182(b)(2)(A)(v)).  The acts and omissions of defendants set forth herein were in

24  violation of plaintiff's rights under the ADA, and the regulations promulgated thereunder, 28

25  C.F.R. 36 *et seq*.

26        29.     On information and belief, such facilities have, since January 26, 2003, undergone

27  construction and/or alterations, structural repairs, or additions subjecting the facilities to disabled

28  access requirements pursuant to the ADA and its implementing regulations, the Americans with

LAW OFFICE OF
JULIE A. OSTIL
1989 Santa Rita Rd. #A405
Pleasanton, CA 94566
925.265.8257
www.ostillaw.com

**First Amended Complaint for Injunctive Relief and Damages: Case No. 2:08-cv-2582 FCD-DAD**    9

1  Disabilities Act Accessibility Guidelines (hereinafter "ADAAG").  Further, irrespective of the

2  construction and alteration history, the removal of all barriers complained of by plaintiff was and

3  is "readily achievable" under the standards of the ADA.

4         30.     As of the date of plaintiff's visits to the Health Club, and continuing to the

5  present, the premises denied full and equal access to plaintiff and to other disabled wheelchair

6  users, violated plaintiff's rights to full and equal access, and discriminated against plaintiff on the

7  basis of disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the

8  goods, services, facilities, privileges, advantages and accommodations, in violation of

9         31.     As of the date of plaintiff's visits to the Health Club, and continuing to the

10  present, the premises denied full and equal access to plaintiff and to other disabled wheelchair

11  users, violated plaintiff's rights to full and equal access, and discriminated against plaintiff on the

12  basis of disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the

13  goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of

14  the ADA, 42 U.S.C. §12182.

15         32.     Pursuant to §308 of the ADA, 42 U.S.C. 12188 et seq., plaintiff is entitled to the

16  remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-

17  3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this

18  title or has reasonable grounds for believing that she is about to be subjected to discrimination in

19  violation of §302. On information and belief, defendants have continued to violate the law and

20  deny the rights of plaintiff and of other disabled persons to access this public accommodation

21  since on or before plaintiff's first visit. Pursuant to ADA §308(a)(2) "in cases of violation of

22  sections 302(b)(2)(A)(iv) and section 303(a), injunctive relief shall include an order to alter

23  facilities to make such facilities readily accessible to and usable by individuals with disabilities

24  to the extent required by this title.  Where appropriate, injunctive relief shall also include

25  requiring the provision of an auxiliary aid or service, modification of a policy, or provision of

26  alternative methods, to the extent required by this title" (42 U.S.C. 12188(a)(2)).

27         33.     Plaintiff seeks relief pursuant to remedies set forth in §204 of the Civil Rights Act

28  of 1964, and pursuant to federal regulations adopted to implement the ADA.  Plaintiff also seeks

LAW OFFICE OF
JULIE A. OSTIL
1989 Santa Rita Rd. #A405
Pleasanton, CA 94566
925.265.8257
www.ostillaw.com

**First Amended Complaint for Injunctive Relief and Damages: Case No. 2:08-cv-2582 FCD-DAD**                    10

1  reasonable attorney's fee, litigation expenses and costs pursuant to 42 U.S.C. 12205.  Plaintiff is

2  a person for purposes of the ADA who is being subjected to discrimination on the basis of

3  disability in violation of Title III and who has reasonable grounds for believing she will be

4  subjected to such discrimination each time that she may attempt to use the facilities.

5        34.    Wherefore plaintiff prays for relief as hereinafter stated.

6

7  **PRAYER**

8  Plaintiff prays that this Court:

9        1.     Issue a preliminary and permanent injunction directing defendants to modify the

10  above-described premises so that it provides full and equal access to all persons, including

11  persons with physical disabilities, and issue a preliminary and permanent injunction directing

12  defendants to modify their policies to provide full and equal access to persons with disabilities;

13        2.    Retain jurisdiction over defendants until such time as the Court is satisfied that

14  defendants' unlawful policies, practices, acts and omissions no longer occur, and cannot recur;

15        3.    Award to plaintiff all appropriate damages, including but not limited to statutory

16  damages, general damages, and treble damages in an amount within the jurisdiction of the Court;

17        4.    Award to plaintiff all reasonable statutory attorney's fees, litigation expenses and

18  costs of this proceeding as provided by law;

19        5.    Award to plaintiff prejudgment interest pursuant to California Civil Code §3291;

20  and

21        6.    Grant such other and further relief as this Court may deem just and proper.

22

23  Dated: October 19, 2009                JULIE A. OSTIL
                                       LAW OFFICE OF JULIE A. OSTIL

24

25                                       /s/ Julie A. Ostil_____

26                                       Attorneys for Plaintiff
                                     SUSAN JOHNSON

27

28

LAW OFFICE OF
JULIE A. OSTIL
1989 Santa Rita Rd. #A405
Pleasanton, CA 94566
925.265.8257
www.ostillaw.com

1

## __DEMAND FOR JURY__

2

    Plaintiff hereby demands a jury for all claims for which a jury is permitted.

3

4   Dated: October 19, 2009                JULIE A. OSTIL
                                        LAW OFFICE OF JULIE A. OSTIL

5

6                                       /s/ Julie A. Ostil_____

7                                        Attorneys for Plaintiff
                                       SUSAN JOHNSON

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICE OF
JULIE A. OSTIL
1989 Santa Rita Rd. #A405
Pleasanton, CA 94566
925.265.8257
www.ostillaw.com

**First Amended Complaint for Injunctive Relief and Damages: Case No. 2:08-cv-2582 FCD-DAD**            12